[No. A123310. First Dist., Div. Three. June 25, 2009.]

WILLIAM TERRY, Plaintiff, v.
SLICO, Defendant and Respondent;
ANTONIO PIMENTEL, Objector and Appellant.

**COUNSEL**

Steven R. Pogue for Objector and Appellant.

Huddleston Law Group and Robert A. Huddleston for Defendant and Respondent.

**OPINION**

**POLLAK, J.**—Code of Civil Procedure[1] section 1987.5 provides that "[i]n the case of a subpoena duces tecum which requires appearance and the production of matters and things at the taking of a deposition, the subpoena shall not be valid unless a copy of the affidavit upon which the subpoena is based and the designation of the materials to be produced, as set forth in the subpoena, is attached to the notice of taking the deposition served upon each party or its attorney . . . ." Section 2020.510, subdivision (b), however, provides that "[a] deposition subpoena [that commands the attendance and the testimony of the deponent, as well as the production of business records, documents, or tangible things] need not be accompanied by an affidavit or declaration showing good cause for the production of the documents and things designated." Commentators have agreed that as between the two contradictory and irreconcilable provisions, the latter, part of the Civil Discovery Act (§ 2016.010 et seq.), controls, but we have found no reported decision to that effect. We agree with the commentators and publish this decision to confirm that view. In doing so, we affirm an order imposing sanctions on a nonparty witness who failed to appear at a deposition after being served with a subpoena demanding his testimony and the production of documents unaccompanied by a supporting affidavit or declaration.

## Background

On May 27, 2008, SLICO, a California limited partnership (SLICO), a defendant in the pending action, served Antonio Pimentel, a percipient nonparty witness, with a subpoena compelling him to give testimony and produce documents at a deposition on a scheduled date. Pimentel did not object to the subpoena but failed to appear at the deposition. SLICO attempted to reschedule the deposition, but when Pimentel failed to respond to its request for an alternate acceptable date, SLICO filed a motion to compel Pimentel's attendance and a request for sanctions. Pimentel opposed the motion on the ground that the subpoena served on him was invalid because it was not accompanied by an affidavit or declaration of good cause. The trial court granted SLICO's motion and ordered Pimentel to pay $2,265 in sanctions.[2] Pimentel filed a timely notice of appeal.

---

[1] All statutory references are to the Code of Civil Procedure.

[2] Section 2020.240 provides: "A deponent who disobeys a deposition subpoena in any manner described in subdivision (c) of Section 2020.220 may be punished for contempt . . . without the necessity of a prior order of court directing compliance by the witness. The deponent is also subject to the forfeiture and the payment of damages set forth in Section 1992."

## Discussion

■ We deal here with subpoenas compelling attendance and the production of materials at a deposition, as distinguished from attendance and production at trial. In the case of a trial subpoena, section 1985, subdivision (b) requires that "[a] copy of an affidavit shall be served with a subpoena duces tecum issued before trial, showing good cause for the production of the matters and things described in the subpoena, specifying the exact matters or things desired to be produced, setting forth in full detail the materiality thereof to the issues involved in the case, and stating that the witness has the desired matters or things in his or her possession or under his or her control." The first sentence of section 1987.5 provides that service of such a subpoena without a copy of the affidavit is invalid.

Although the general provisions of the Code of Civil Procedure dealing with the issuance of subpoenas, section 1985 et seq., apply to deposition subpoenas as well as to trial subpoenas, they do so only to the extent that those provisions are not modified by provisions in the nonparty discovery chapter of the Civil Discovery Act, section 2020.010 et seq. (§ 2020.030.)[3]

"The Discovery Act of 1986, as originally proposed, was the product of a 'blue ribbon' commission of lawyers and judges appointed by the State Bar and the Judicial Council. In general, the aim was to embody former statutes and case law and, at the same time, make the California rules correspond more closely to the Federal Rules." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2009) ¶ 8:4.1, p. 8A-3 (rev. # 1, 2009).) The Discovery Act was enacted to resolve deficiencies in the former statutes "as well as perceived abuses in the discovery process." (Id., ¶ 8:4, p. 8A-3.) "In 2004, the Legislature enacted a new Civil Discovery Act effective 7/1/05. The new Act basically rewrote the 1986 Act to make it more readable; i.e., lengthy provisions have been divided into shorter sections and renumbered. The changes, however, are not intended to have any substantive effect on the law of civil discovery." (Id., ¶ 8:5, p. 8A-3, italics omitted.)

■ The Civil Discovery Act is codified as title 4 (commencing with § 2016.010) of part 4 of the Code of Civil Procedure. Chapter 6 (commencing with § 2020.010) of this title is addressed to nonparty discovery. Chapter 6

---

[3] Section 2020.030 reads: "Except as modified in this chapter, the provisions of Chapter 2 (commencing with Section 1985) of Title 3 of Part 4 of this code, and of Article 4 (commencing with Section 1560) of Chapter 2 of Division 11 of the Evidence Code, apply to a deposition subpoena."

begins with the identification of the three methods of obtaining discovery within the state from a person who is not a party to the action, and confirms that the normal "process by which a nonparty is required to provide discovery is a deposition subpoena." (§ 2020.010, subd. (b).) "Where [a] witness whose deposition is sought is *not* a party (or a 'party-affiliated' witness), a subpoena must be served to compel his or her attendance, testimony, or production of documents." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 8:535, p. 8E-40 (rev. # 1, 2009).) Section 2020.020 then identifies three types of nonparty deposition subpoenas. "A deposition subpoena may command any of the following: [¶] (a) Only the attendance and the testimony of the deponent, under Article 3 (commencing with Section 2020.310). [¶] (b) Only the production of business records for copying, under Article 4 (commencing with Section 2020.410). [¶] (c) The attendance and the testimony of the deponent, as well as the production of business records, other documents, and tangible things, under Article 5 (commencing with Section 2020.510)." (§ 2020.020; see Weil & Brown, *supra*, ¶ 8:537.) There is no requirement that an affidavit of good cause be served with either a "testimony only" deposition subpoena (see § 2020.310)[4] or a "business records" deposition subpoena (see § 2020.410.)[5]

Section 2020.510, which governs "records and testimony" deposition subpoenas such as the subpoena served on Pimentel, provides, "(a) A deposition subpoena that commands the attendance and the testimony of the

---

[4] Section 2020.310 provides: "The following rules apply to a deposition subpoena that commands only the attendance and the testimony of the deponent: [¶] (a) The subpoena shall specify the time when and the place where the deponent is commanded to attend the deposition. [¶] (b) The subpoena shall set forth a summary of all of the following: [¶] (1) The nature of a deposition. [¶] (2) The rights and duties of the deponent. [¶] (3) The penalties for disobedience of a deposition subpoena, as described in Section 2020.240. [¶] (c) If the deposition will be recorded using audio or video technology by, or at the direction of, the noticing party under Section 2025.340, the subpoena shall state that it will be recorded in that manner. [¶] (d) If the deposition testimony will be conducted using instant visual display, the subpoena shall state that it will be conducted in that manner. [¶] (e) If the deponent is an organization, the subpoena shall describe with reasonable particularity the matters on which examination is requested. The subpoena shall also advise the organization of its duty to make the designation of employees or agents who will attend the deposition, as described in Section 2025.230."

[5] Section 2020.410 provides in relevant part: "(a) A deposition subpoena that commands only the production of business records for copying shall designate the business records to be produced either by specifically describing each individual item or by reasonably particularizing each category of item. [¶] . . . [¶] (c) A deposition subpoena that commands only the production of business records for copying need not be accompanied by an affidavit or declaration showing good cause for the production of the business records designated in it."

deponent, as well as the production of business records, documents, and tangible things, shall: [¶] (1) Comply with the requirements of Section 2020.310. [¶] (2) Designate the business records, documents, and tangible things to be produced either by specifically describing each individual item or by reasonably particularizing each category of item. [¶] (3) Specify any testing or sampling that is being sought. [¶] (b) *A deposition subpoena under subdivision (a) need not be accompanied by an affidavit or declaration showing good cause for the production of the documents and things designated.*" (Italics added.)

■ The contrary provisions in sections 1985 and 1987.5 quoted above are inconsistent with and therefore superseded by section 2020.510. As pointed out above, section 2020.030 provides that the general subpoena provisions that include sections 1985 and 1987.5 apply to a deposition subpoena "[e]xcept as modified in this chapter." Some uncertainty in this regard was created by the fact that section 1987.5 includes a final sentence that says, "[t]his section does not apply to deposition subpoenas commanding only the production of business records for copying under Article 4 (commencing with Section 2020.410) of Chapter 6 of Title 4," but does not contain a similar exclusion with respect to deposition subpoenas under article 5 (commencing with § 2020.510) commanding both personal attendance and the production of documents. Since the final sentence was added to section 1987.5 in 1993 (Stats. 1993, ch. 926, § 7, p. 5202), after the adoption of the predecessor provision of what is now section 2020.510 (Stats. 1987, ch. 86, § 5, p. 304), there was room for the inference that the omission of a comparable exclusion for deposition subpoenas under section 2020.510 meant that the requirements of sections 1985, subdivision (b) and 1987.5, rather than the provisions of section 2020.510, were intended to apply to attendance and production deposition subpoenas.

There are numerous reasons to reject any such inference. The most likely explanation for why there is no reference to section 2020.510 in the final sentence of section 1987.5 is inadvertence. The same 1993 bill that added the final sentence to section 1987.5 reenacted what was formerly section 2020, subdivision (e) and is now section 2020.510. (Stats. 1993, ch. 926, § 7, p. 5202, § 8, pp. 5202–5203.) When the Civil Discovery Act was reorganized in 2004, the same bill reenacted both sections 1987.5 and 2020.510. (Stats. 2004, ch. 182, §§ 20, 23.) The inclusion of these inconsistent provisions in the same legislation strongly suggests that the Legislature simply failed to focus on the issue. Treating sections 1985 and 1987.5 as the controlling provision would be at odds with section 2020.030 and with the

fundamental understanding that has prevailed since the adoption of the Civil Discovery Act, that to the extent that its provisions concerning nonparty discovery overlap or conflict with other provisions of more general application, the provisions of the Civil Discovery Act prevail. (See 3 Hogan, Modern Cal. Discovery (4th ed. 1988) appen. B, pp. 113–114.) Moreover, since a supporting affidavit unquestionably need not be served with a deposition subpoena under section 2020.310 requiring only attendance and testimony, or with a deposition subpoena under section 2020.410 requiring only the production of business records, there is no apparent reason why an affidavit should be required when a deposition subpoena under section 2020.510 calls for both attendance and testimony and the production of documents.

There is apparent unanimity among legal commentators that section 2020.510, rather than sections 1985 and 1987.5, controls. (See 2 Witkin, Cal. Evidence (4th ed. 2000) Discovery, § 223, pp. 1045–1046 ["A deposition subpena for production of business records for copying or for production of business records, documents, tangible things, and testimony of a deponent need not be accompanied by an affidavit showing good cause for the production of the designated business records, documents, or things. [Citations.] . . . [T]he affidavit requirement set forth in [sections] 1985(b) and 1987.5 is an example of a conflict between [section 2020.010 et seq.] and [section] 1985 et seq. In the event of such a conflict, [section 2020.010 et seq.] govern[] deposition subpenas."]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 8:559, p. 8E-53; 1 Cal. Civil Discovery Practice (Cont.Ed.Bar 4th ed. 2009) § 5.6, p. 371; 1 Hogan & Weber, Cal. Civil Discovery (2d ed. 2005) § 7.1, p. 7-2; Dunne, On Depositions in Cal. (2008–2009 ed.) § 3:20, p. 95.) No requirement for the attachment of a supporting affidavit or declaration has been included on the Judicial Council form that is mandatory for obtaining a "records and testimony" deposition subpoena. (Judicial Council of Cal., form SUBP-020, rev. Jan. 1, 2009.) The form expressly references section 2020.510.

■ Thus, since service of the deposition subpoena on Pimentel was effective despite the absence of a supporting affidavit or declaration, the trial court did not abuse its discretion in imposing reasonable monetary sanctions for his failure to comply with the subpoena.

## Disposition

The order is affirmed. SLICO is to recover its costs on appeal.

McGuiness, P. J., and Jenkins, J., concurred.