Filed 11/19/14  Casa W. v. Super. Ct. CA2/7
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CASA W, LLC et al., | B256155 |
| Petitioners, | (Super. Ct. No. BC459696) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| KYLE MADISON et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING in mandate.  Malcolm H. Mackey, Judge.  Petition granted.

Law Offices of Daniel J. Spielfogel and Daniel J. Spielfogel for Petitioner.

No appearance for Respondent.

Lyle R. Mink for Real Parties in Interest.

_____

## INTRODUCTION

Parties to a civil case in California have a privilege against forced disclosure of their tax returns, subject to certain exceptions. The trial court in this case compelled production of a limited liability company's tax returns without considering whether any of the exceptions applied. We cannot find any exception that applies, and conclude that the tax returns the trial court ordered produced are privileged. Therefore, we grant the petition for a writ of mandate and order the trial court to vacate its order requiring production of the tax returns.

## FACTUAL AND PROCEDURAL BACKGROUND

Real parties in interest Kyle Madison, his former wife Marjan Madison, and their friend petitioner Michael Theodore were the members of Casa W, LLC, a limited liability company that owned and operated a property known as Casa W in Cabo San Lucas, Mexico. Theodore was the managing member. Theodore owned another limited liability company, Casa Theodore, LLC, that owned the adjacent property known as Casa Theodore. Theodore was the only member of Casa Theodore, LLC.

Pursuant to the Casa W, LLC operating agreement, the Madisons made a capital contribution of $500,000 and Theodore made a capital contribution of $500,000. The Madisons initially paid Theodore $250,000 in managerial fees and construction costs. According to Kyle Madison, the parties subsequently "agreed to each pay an additional $150,000 to Theodore for additional management fees. Thereafter, Theodore asked for another $75,000. Because Madison trusted him implicitly, Madison paid Theodore the $75,000 after borrowing the money from a third party." Theodore then "demanded an additional $172,932 from [Kyle] Madison allegedly for interest, expenses and still more managerial fees, and threatened Madison that, unless and until these purported charges were paid, Madison would not share in any of the rental income that was being generated

2

by the Baja Property.  Under this threat, Madison paid an additional $172,932 to Theodore."

On April 15, 2011 Kyle Madison, who in 2010 had purchased Marjan Madison's interest in Casa W, LLC as part of their divorce, filed this action against Theodore and Casa W, LLC.[1]  Kyle Madison alleged that Theodore had engaged in "abuse of authority, self-dealing and pervasive fraud" as the managing member of Casa W, LLC.  Kyle Madison alleged that, despite repeated requests over the years, Theodore never provided any records of rental income, expenses, and other costs for the Casa W property.  Nor, Kyle Madison alleged, did Theodore furnish any records documenting his disbursements, expenditures, and loans on behalf of Casa W, LLC.

The Madisons propounded discovery to obtain financial records of Theodore and Casa W, LLC.  At some point the Madisons discovered a November 1, 2009 email from a staff member at Casa Theodore, LLC stating:  "All rentals for Casa W and Casa Theodore will now go through Casa Theodore, LLC.  Please mark your records accordingly."  Kyle Madison then sought discovery, and ultimately moved to compel production, of the financial records of Casa Theodore, LLC, including its tax returns.  At the hearing on Kyle Madison's motion to compel, the trial court, Hon. Frederick Schaller, ruled that the tax returns of Casa Theodore, LLC were privileged, and denied the motion to compel their production.

On January 11, 2013 the court and counsel participated in a discovery conference in connection with an ex parte application by the Madisons "regarding trial, discovery, and expert issues."  The parties, perhaps at the suggestion of the court, agreed that the court could appoint Pamela Wax-Semus, a certified financial examiner, as an expert under Evidence Code section 730 to analyze the financial transactions of Casa W, LLC and Casa Theodore, LLC.  The court ordered the parties to submit by January 22, 2013 "a

---

[1]      Marjan Madison is not a plaintiff.  She is a party to this action only as a cross-defendant named in Theodore's cross-complaint.

3

separate statement of requests for the court order regarding the scope of the [Evidence Code section] 730 expert's . . . work to be done on the case."

On January 22, 2013 the parties filed a document entitled "Joint Statement re Scope of Appointed Expert's Assignment," which listed 17 proposed assignments for Ms. Wax-Semus, nine proposed by the Madisons and eight proposed by Theodore. Although the parties did not agree on the wording of the assignments proposed by the Madisons and the Madisons objected to all of the assignments proposed by Theodore, the assignments essentially were to analyze and determine the income, expenses, and bank account deposits and withdrawals of Casa W, LLC and Casa Theodore, LLC, and to calculate the balances due among the parties and the two limited liability companies.

On January 24, 2013 the court issued an order stating it had "received and reviewed the parties' relative proposals concerning the scope of the [Evidence Code section] 730 expert review and opinion," and adopting all nine of the Madisons' proposals and all eight of Theodore's proposals. The court ordered the parties "to prepare a joint letter to the expert and forward necessary materials to her as soon as possible after receipt of this order . . . ."

Over a year later, in March 2014, the Madisons filed a motion to compel Theodore to produce documents that Ms. Pamela Wax-Semus said she needed to complete her examination and report. The motion included a declaration by Ms. Wax-Semus identifying various documents she had requested from Theodore but had not received. Among the documents Ms. Wax-Semus requested were "US Partnership Tax Returns from 2005 through 2013 for Casa Theodore LLC," as well as documents during the same period of time relating to new bank accounts opened, Casa Theodore LLC's Bank of America line of credit, and rental calendars.

On April 11, 2014 the trial court, Hon. Malcolm H. Mackey, granted the motion to compel and ordered Casa Theodore, LLC to produce its tax returns (subject to a protective order limiting access to Ms. Wax-Semus and counsel for the Madisons), even though Judge Schaller had previously ruled that the tax returns were privileged. When counsel for Theodore argued at the hearing that any commingling between Casa W, LLC

4

and Casa Theodore, LLC would be reflected in the bank statements, counsel for the Madisons stated, "But we're not getting the bank accounts." The court stated, "You're not getting the bank accounts. I'm going to order these returns. . . . This is an expert appointed and she said she needs these documents." The court's minute order states: "Motion to Compel Defendants to Produce Documents for Court Appointed Expert is argued and granted, as fully reflected in the notes of the court reporter and incorporated by reference. The Court's ruling, in brief, [is] as follows: Motion to Compel Defendants to Produce Documents for Court Appointed Expert is granted. The Court orders the Tax Returns produced, (subject to the protective order) and the documents requested in the declaration of the expert contained in the motion."

Theodore filed a petition for writ of mandate challenging only the portion of the trial court's order requiring the production of Casa Theodore, LLC's tax returns. We issued a stay and an order to show cause why we should not order the trial court to vacate that part of the order requiring Casa Theodore, LLC to produce its tax returns.

## DISCUSSION

We review discovery orders involving privilege issues under the abuse of discretion standard. (*Seahaus La Jolla Owners Assn. v. Superior Court* (2014) 224 Cal.App.4th 754, 766; accord, *Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 110.) "In this context, "'[t]he trial court's determination will be set aside only when it has been demonstrated that there was 'no legal justification' for the order granting or denying the discovery in question."' [Citation.] A trial court has abused its discretion in determining the applicability of a privilege when it utilizes the wrong legal standards to resolve the particular issue presented." (*Seahaus La Jolla Owners Assn.*, *supra*, at p. 766.) "'"[W]here the petitioner seeks relief from a discovery order that may undermine a privilege, we review the trial court's order by way of extraordinary writ. [Citation.]'" [Citation.]'" (*Doe v. Superior Court* (2011) 194 Cal.App.4th 750, 754.)

5

As a preliminary matter, we doubt the trial court had the authority to order Casa Theodore, LLC to produce any documents, let alone privileged tax returns. Casa Theodore, LLC is not a party to the lawsuit. Under Code of Civil Procedure section 2020.010, subdivision (b), "the normal 'process by which a nonparty is required to provide discovery is a deposition subpoena.' [Citation.]" (*Terry v. SLICO* (2009) 175 Cal.App.4th 352, 357.) None of the parties, however, ever served Casa Theodore, LLC with a subpoena seeking the production of its tax returns or any other documents, nor was there any request for production of documents directed to Theodore requesting documents of or relating to Casa Theodore, LLC. The Madisons' motion to compel was not based on any discovery request or failure to comply with a discovery request. The basis of the motion to compel that the trial court granted appears to have materialized out of pretrial thin air.

Similarly, there is nothing in the Joint Statement re Scope of Appointed Expert's Assignment or the court order governing the court-appointed expert's assignment that authorized her to obtain documents by discovery directed to, or motions to compel production of documents from, non-parties. The court approved the scope of the expert's assignment and ordered the parties to send her "necessary materials," but the court did not authorize her to compel production of documents from a third party. Nor, as Theodore argued in opposition to the motion, is there any statutory or case law authority allowing an expert appointed under Evidence Code section 730 to take third party discovery. A "'court appointed expert is expected to serve three purposes: to investigate the subject involved, to prepare and render a report as may be ordered by the court, and to give expert-opinion testimony at the trial.' [Citation.]" (*State of California ex rel. Dept. of Motor Vehicles v. Superior Court* (1998) 66 Cal.App.4th 421, 440.) Conducting discovery from third parties is not part of a court-appointed expert's functions.

In any event, putting aside the procedural irregularities of the motion to compel, the trial court erred by compelling Casa Theodore, LLC to produce its tax returns. California recognizes a "privilege against forced disclosure of tax returns" in "civil discovery proceedings." (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 719, 720.)

6

"[T]he privilege arises from California statutes that generally prohibit California tax authorities from disclosing tax return information, subject to certain exceptions." (*Firestone v. Hoffman* (2006) 140 Cal.App.4th 1408, 1419, italics omitted; see *Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475, 479 ["Revenue and Taxation Code section 19282, which prohibits disclosure of tax returns, implicitly creates a privilege against the disclosure of income tax returns"].) The purpose of the privilege "is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes." (*Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509, 513.) "'If the information can be secured by forcing the taxpayer to produce a copy of his return, the primary legislative purpose of the secrecy provisions will be defeated. The effect of the statutory prohibition is to render the returns privileged, and the privilege should not be nullified by permitting third parties to obtain the information by adopting the indirect procedure of demanding copies of the tax returns.'" (*Schnabel*, *supra*, at p. 719.) The tax return privilege applies to both state and federal tax returns "because 'forcing disclosure of the information in the federal tax return would be equivalent to forcing disclosure of the state returns and would operate to defeat the purposes of the state statute.'" (*Firestone*, *supra*, at p. 1420.)

The privilege against forced disclosure of tax returns, however, is not absolute. (*Schnabel v. Superior Court*, *supra*, 5 Cal.4th at p. 721.) "[T]he privilege is waived or does not apply in three situations: '(1) there is an intentional relinquishment [citation], (2) the "gravamen of [the] lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived" [citation], or (3) a public policy greater than that of confidentiality of tax returns is involved [citation].'" (*Ibid.*; see *Weingarten v. Superior Court* (2002) 102 Cal.App.4th 268, 274.)

The trial court did not mention or discuss any of the exceptions to the privilege. The court's only apparent concern was that the expert wanted the tax returns. The fact that an expert, even a court-appointed one, desires to see a tax return does not fall under

any of the exceptions to the privilege. Indeed, the "fact that financial records are difficult to obtain or that a tax return would be helpful, enlightening or the most efficient way to establish financial worth is not enough" to justify production of tax return information. (*Weingarten v. Superior Court*, *supra*, 102 Cal.App.4th at p. 276; see *Fortunato v. Superior Court*, *supra*, 114 Cal.App.4th at p. 483 ["[p]ublic policy favoring discovery in civil litigation is not, by itself, sufficiently compelling to overcome the privilege"].) Thus, to the extent the trial court applied any legal standard, it abused its discretion by applying an incorrect one. (See *Seahaus La Jolla Owners Assn. v. Superior Court*, *supra*, 224 Cal.App.4th at p. 766.)

Moreover, none of the exceptions to the taxpayer privilege applies. Kyle Madison does not argue or suggest that Casa Theodore, LLC waived the privilege, either intentionally (exception 1) or because the gravamen of the action is consistent with assertion of the privilege (exception 2). In fact, Casa Theodore, LLC vigorously and successfully asserted the privilege in response to the Madisons' prior motion to compel disclosure of its tax returns. The parties' Joint Statement re Scope of Appointed Expert's Assignment says nothing about the tax return privilege or a waiver. And the gravamen of the action is the conduct of Theodore, not Casa Theodore, LLC.

That leaves the existence of a public policy that outweighs the public policy of the tax return privilege (exception 3). The public policy exception to the tax-return privilege, however, "'is narrow, and only applies "when warranted by a legislatively declared public policy." [Citation.]' [Citation.] Further, the public policy must be a compelling one, and exceptions on this ground will be declared only rarely. [Citation.] Public policy favoring discovery in civil litigation is not, by itself, sufficiently compelling to overcome the privilege. [Citation.] Indeed, such an exception would swallow the rule." (*Fortunato v. Superior Court*, *supra*, 114 Cal.App.4th at p. 483; see *Weingarten v. Superior Court*, *supra*, 102 Cal.App.4th at pp. 275-276.) Kyle Madison has not identified any such legislatively declared public policy that would justify the production of Casa Theodore, LLC's tax returns in this case, other than the policy of discouraging and punishing egregious discovery conduct.

8

Repeated discovery abuse that precludes a party from obtaining discoverable financial information by alternative means may justify production of tax returns in certain circumstances. In *Weingarten v. Superior Court*, *supra*, 102 Cal.App.4th 268, the court held that the public policy exception to the tax return privilege applied because the defendant repeatedly failed to produce nonprivileged documents containing the relevant information. (*Id.* at pp. 275-276.) The court concluded that a plaintiff may overcome a defendant's assertion of the privilege "when the defendant, without a valid basis, refuses to comply with legitimate discovery requests that seek nonprivileged financial information." (*Id.* at p. 276.) The trial court here, however, did not mention refusal by Theodore, Casa Theodore, LLC, or Casa W, LLC to produce financial documents or a failure to comply with court orders that might justify production of Casa Theodore, LLC's tax returns under *Weingarten*, and the record does not show any such discovery misconduct.

Kyle Madison argues that Theodore has "repeatedly *refused to produce relevant nonprivileged financial records or has produced only meaningless and unreliable financial information in response to discovery requests* designed to find out the rental income he collected and the expenses he claims to have paid." Kyle Madison asserts that "Theodore has engaged in a pattern of *improperly obstructing efforts to obtain financial records through means that do not implicate the privilege*." The record does not support Kyle Madison's assertions. There is no court finding or evidence of repeated refusals to produce documents, improper obstruction of discovery, violation of a discovery order, or even of a motion to compel by the Madisons. Kyle Madison acknowledges that Theodore produced over 10,000 documents, although he complains they were "scrambled."[2]

---

[2]     Kyle Madison points to deposition testimony by Theodore stating that he did not know how the documents he produced were collated, but that his attorney does. If Kyle Madison needs to question a knowledgeable witness about the documents, he can depose the person most qualified for Casa W, LLC, Casa Theodore, LLC, or the attorney Theodore testified has knowledge about the documents.

Kyle Madison claims that he filed an ex parte application "for orders relating to discovery and management of the case" and that the "application was granted in part." What actually happened was that the court granted the ex parte application only to the extent of ordering the parties "to contact the court to set up an informal discovery" conference and extending the deadline to file motions to compel. There is no evidence that the Madisons filed a motion to compel pursuant to this court order, other than the one at issue in this writ proceeding.[3] This record falls far short of the kind of discovery misconduct that justified production of tax returns in *Weingarten* under the public policy exception.

---

[3] The Superior Court docket reveals that the Madisons subsequently filed a motion for issue and evidence sanctions on July 18, 2014, based on Theodore's alleged failure to produce documents in discovery. On October 3, 2014 the trial court denied the motion without prejudice. The docket also reveals that Theodore filed several motions to quash subpoenas served by counsel for the Madisons, but there is no evidence (as opposed to argument) that Theodore violated any rulings by the trial court on those motions.

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the trial court to vacate its April 11, 2014 order compelling the production of Casa Theodore, LLC's tax returns for 2005-2013, and to issue a new order denying the Madisons' motion to compel production of the tax returns. The stay issued on May 12, 2014 will be vacated when the opinion of this court becomes final. Theodore is to recover his costs.

SEGAL, J.*

We concur:

PERLUSS, P. J.

ZELON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.