[No. D046848. Fourth Dist., Div. One. Mar. 23, 2006.]

DEMETRIA PEOPLES, Plaintiff and Respondent, v.
SAN DIEGO UNIFIED SCHOOL DISTRICT et al., Defendants and
Appellants.

464

**COUNSEL**

Tad Seth Parzen and Jose A. Gonzales for Defendants and Appellants.

Tosdal, Smith, Stein & Wax and Fern M. Steiner for Plaintiff and Respondent.

**OPINION**

**HALLER, J.**—In May 2004, the San Diego Unified School District (District) notified Demetria Peoples, a sixth-grade teacher, it would not rehire her for the next school year. Peoples petitioned for a writ of mandate challenging the termination because the District did not give her proper notice of the termination. The court found the District's notice was untimely under Education Code section 44929.21, and thus ordered the District to reinstate Peoples as a permanent certificated teacher and to compensate her for accrued benefits and backpay. The District appeals. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Peoples began her employment with the District during the 1999–2000 school year. At that time, she held a "Pre-Intern Certificate" from the California Commission on Teacher Credentialing. Peoples then obtained a

University Internship Multiple Subjects Credential in 2000, and taught in a District elementary school as a participant in the San Diego City Schools University Urban Teacher Intern Program (university intern program), a program authorized by the Teacher Internship Act of 1967 (Ed. Code,[1] § 44450 et seq.). This internship program seeks to "enhance the preparation of teachers so that their learning combines theory and practice." (*Welch v. Oakland Unified School Dist.* (2001) 91 Cal.App.4th 1421, 1428 [111 Cal.Rptr.2d 374].)

Peoples completed the university intern program in 2001, but continued to teach in a District elementary school as a university intern under her university intern credential during the 2001–2002 and 2002–2003 school years. At the end of the 2002–2003 school year, in June 2003, Peoples obtained a preliminary multiple subjects credential, which is a clear (noninternship) credential. At this time, the District reelected Peoples to a teaching position requiring certification qualifications.

During the 2003–2004 school year, Peoples taught sixth grade under her clear credential. At the end of the year, Peoples was given a summary performance evaluation stating her objectives were met and that she was an "asset" to the elementary school. However, by a letter dated May 27, 2004, the District notified Peoples she would not be rehired (referred to under the Education Code as being "reelected") for employment in the 2004–2005 school year. (See § 44929.21.) The District gave this notice under law permitting a school district to terminate a teacher without cause after his or her first year of probationary employment. (*Ibid.*; see *Grimsley v. Board of Trustees* (1987) 189 Cal.App.3d 1440, 1444–1448 [235 Cal.Rptr. 85].)

Peoples claimed this notice was untimely because she was in her second year of probationary employment and therefore section 44929.21 required the District to notify her of its decision not to rehire on or before March 15, 2004. The District countered that Peoples had worked as a probationary employee for only one year because her previous employment under her internship credential did not count toward the consecutive two-year requirement under section 44929.21.

After informal attempts to resolve the issue failed, Peoples filed a petition for writ of mandate in the superior court, requesting the court to order the District to deem her reelected for the 2004–2005 school year because she was not given the statutorily required notice on or before March 15, 2004. After a

---

[1] All further statutory references are to the Education Code.

hearing, the court agreed with Peoples's arguments and granted the petition, ordering the District to reinstate Peoples as a permanent certificated teacher and to compensate her for accrued benefits and backpay.

## DISCUSSION

■   It is undisputed that Peoples was employed as a probationary teacher on a clear (noninternship) credential during the 2003–2004 year, and that the District gave Peoples notice in May 2004 that it would not rehire her for the next year. Peoples argues that this notice violated the applicable statutes because the District was required to provide notice before March 15, 2004 that it would not reemploy Peoples in the next school year. She relies on section 44929.21, which provides that a probationary teacher employed for two consecutive years "shall be deemed reelected" for the next school year if not given contrary notice by March 15. (§ 44929.21, subd. (b); see *Summerfield v. Windsor Unified School Dist.* (2002) 95 Cal.App.4th 1026, 1029 [116 Cal.Rptr.2d 233].) Peoples additionally relies on section 44466, which sets forth the circumstances under which one year of employment as a university intern may be considered in computing the two-year teaching requirement for obtaining tenure.[2]

The District contends that section 44929.21 is inapplicable because it applies only after a teacher had been a probationary employee for two years. As it did below, the District claims that Peoples worked as a probationary employee only for one year because her previous employment under a university intern credential could not count toward the statute's two-year tenure requirement. (§ 44929.21, subd. (b).)

■   Because the facts are undisputed and the issue turns solely on the interpretation of relevant statutes, we conduct a de novo review. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54] (*Kavanaugh*).) "[W]e independently review the superior court's legal conclusions about the meaning and effect of statutory provisions." (*Welch v. Oakland Unified School Dist., supra,* 91 Cal.App.4th at p. 1427.) In so doing, our goal is to ascertain and carry out the Legislature's intent, looking first to the words of the statute, giving them their usual and ordinary meaning. (*Kavanaugh, supra,* 29 Cal.4th at p. 919.) If the language of the statute is susceptible to more than one reasonable construction, we look to the legislative history to aid in ascertaining the legislative intent. (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1055 [80

---

[2] Although Peoples was given a written offer of employment identifying her status as "Probationary II Full Time," the parties agree that this notice was not binding on the District for purpose of determining Peoples's legal status. (See *Summerfield v. Windsor Unified School Dist., supra,* 95 Cal.App.4th at p. 1035, fn. 6.)

Cal.Rptr.2d 828, 968 P.2d 539].) We are further guided by the fundamental rule " ' "that the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation." . . .' " (*Watson Land Co. v. Shell Oil Co.* (2005) 130 Cal.App.4th 69, 77 [29 Cal.Rptr.3d 343].)

Our analysis begins with section 44929.21, subdivision (b), the code section requiring a school district with more than 250 students to provide certain employees with notice of nonreelection before March 15 of the school year. That code section provides:

"Every employee of a school district . . . who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next suc-ceeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. [¶] . . . [¶]

"The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year.

"This subdivision shall apply only to probationary employees whose probationary period commenced during the 1983–84 fiscal year or any fiscal year thereafter." (§ 44929.21, subd. (b).)

On the face of the statute, section 44929.21 required the District to give Peoples notice of its decision not to reelect Peoples on or before March 15 because it was undisputed that Peoples was in her "second complete consecu-tive school year of employment by the district in a position or positions requiring certification qualifications." (§ 44929.21, subd. (b).) The District employed Peoples during 2002–2003 and 2003–2004 in positions requiring certification qualifications. Further, it was undisputed that Peoples was a probationary employee during 2003–2004 and that she was not a permanent, substitute, or temporary employee. (See § 44915.)

The District contends, however, that the March 15 date is triggered only if the certificated employee worked for two years as a *probationary* employee. This interpretation is based on language in court decisions that a teacher obtains tenure and becomes a permanent employee after *two years of*

*probationary employment.* (See *Summerfield v. Windsor Unified School Dist., supra*, 95 Cal.App.4th at p. 1029; *Grimsley v. Board of Trustees, supra*, 189 Cal.App.3d at p. 1447.) The District thus frames the issue on appeal as whether Peoples was a probationary employee during the time she was employed as a university intern during the 2002–2003 school year. The District argues that because no statute expressly states that a university intern is a probationary employee, Peoples's employment under a university internship credential cannot count toward the two-year requirement for obtaining permanent employment set forth in section 44929.21, subdivision (b).

■ This characterization of the legal issue is misleading. The crucial question in this case is not Peoples's status during her employment under the internship credential, but how (and whether) that prior employment counts in reaching the consecutive two-year requirement for purpose of obtaining tenure and triggering the March 15 notice requirement. This question is easily answered because the Legislature enacted a code section on this precise issue. (§ 44466.) Section 44466 specifically prescribes the conditions under which a teacher employed under a university internship credential, and then hired during the consecutive year with a clear credential, acquires tenure. It reads: "An intern shall not acquire tenure while serving on an internship credential. A person who, after completing a teaching internship program authorized pursuant to this article [the university intern program], is employed for at least one complete school year in a position requiring certification qualifications by the school district that employed the person as an intern during the immediately preceding school year and is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year, acquire tenure." (§ 44466.)

■ Under this provision, the final year of employment under a university internship credential counts for one year towards tenure for purposes of applying section 44929.21, subdivision (b) if the teacher is employed during the next consecutive year under a clear credential. (§ 44466.) The District concedes that Peoples taught as an intern under a university intern credential during the 2002–2003 school year, and taught under a clear credential during the 2003–2004 school year. Thus, under section 44466, the 2002–2003 year counts towards the two-year tenure requirement.

In urging us to adopt a contrary conclusion, the District focuses on the first sentence of section 44466, which states that a university intern "shall not acquire tenure while serving on an internship credential." (§ 44466.) However, the remainder of the code section expressly qualifies this limitation by setting forth the manner in which a university intern is entitled to be credited one year of the internship for tenure purposes. (*Ibid.*) Based on this express exception,

we reject the District's argument that Peoples could not become a tenured teacher in 2004 and therefore that she could not have been in her second year of probationary employment in the 2003–2004 school year.

Our conclusion is further supported by the legislative history of section 44466. To understand this history it is helpful to first describe a parallel statutory internship program known as the "district" internship program, permitting a school district to employ "district interns" as classroom teachers. (§ 44830.3, subd. (a).) This program seeks to ensure the availability of qualified teachers and provide an alternative route to teacher certification. (See Historical and Statutory Notes, 27A West's Ann. Ed. Code (2006 supp.) foll. § 44325, p. 201.) The code section governing the district internship program states that a school district must classify a "district intern" as a "probationary employee." (§ 44885.5, subd. (a),[3] see *Welch v. Oakland Unified School Dist., supra*, 91 Cal.App.4th at pp. 1429–1432.) But a district intern does not become tenured (permanent) until he or she has (1) completed service as a district intern; (2) been employed by the school district during the succeeding school year; and (3) been reelected for the next succeeding school year. (§ 44885.5, subd. (b).) It is during this first full year of a clear credential (following the completion of the district internship) that the school district is governed by the March 15 deadline for notifying the employee of a decision not to reelect the teacher for the next year. (§ 44885.5, subd. (b).)

This statute (§ 44885.5) governing tenure and notification deadlines for a *district intern* was enacted in 1983. (Stats. 1983, ch. 498, § 48, p. 2081.) At that time, section 44466—the code section governing the *university internship* program—prohibited a university intern from obtaining tenure during the

---

[3] Section 44885.5 states in relevant part: "(a) Any school district shall classify as a probationary employee of the district any person who is employed as a district intern . . . and any person who has completed service in the district as a district intern . . . and is reelected for the next succeeding school year to a position requiring certification qualifications. [¶] . . . [¶] (b) Every certificated employee, who has completed service as a district intern . . : and who is further reelected and employed during the succeeding school year . . . shall, upon reelection for the next succeeding school year, to a position requiring certification qualifications, be classified as and become a permanent employee of the district. [¶] The governing board shall notify the employee, on or before March 15 of the employee's last complete consecutive school year of probationary employment in a position requiring certification qualification as described in this subdivision, of the decision to reelect or not reelect the employee for the next succeeding school year to this type of position. In the event the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."

internship, but permitted "each year of service" while serving on an internship credential to "count toward the achievement of tenure."[4] (Stats. 1976, ch. 1010, § 2, p. 2384.)

In 1997, the Legislature amended section 44466 to add the current provisions permitting one year of employment under a university internship credential to count toward tenure only after the employee has taught one year under a clear credential. (Stats. 1997, ch. 138, § 2.) In an uncodified portion of the statute, the Legislature stated that the purpose of the amendment is to eliminate the inconsistency between "[t]he requirements for the attainment of permanent status" by district interns and by university interns. (Stats. 1997, ch. 138, § 1.) The uncodified section states that "it is the intent of the Legislature to achieve consistency between the requirements for the attainment of permanent status by interns who are participating [in these two] teacher intern programs . . . ." (*Ibid.*) A Senate Rules Committee analysis similarly stated that the purpose of the proposed amendment to section 44466 was to ensure "the tenure requirements [are] roughly the same for both district and university interns . . . ." (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Assem. Bill No. 552 (1997–1998 Reg. Sess.) June 25, 1997.) The Senate Rules Committee analysis also identifies a second purpose of the amendment: "to ensure that [university interns] have taught independently as a credentialed teacher prior to earning tenure." (*Ibid.*) With respect to this second purpose, the Legislature sought to correct a perceived problem with the prior version of the statute under which a university intern could "obtain tenure without ever having taught as a fully credentialed teacher." (*Ibid.*)

The legislative purposes underlying section 44466 support our interpretation of the governing statutes that the District was required to notify Peoples by March 15, 2004, of the decision not to rehire her. First, if Peoples had completed the district internship program and then taught with a clear credential for one year, she would have become a permanent employee unless the District notified her of a decision not to reelect before March 15. (§ 44885.5, subd. (b).) By amending section 44466 in 1997, the Legislature specifically intended that the same result should occur if a university intern is employed for one year as an intern under a university credential and then teaches on a clear credential during the consecutive year. Additionally, our interpretation is consistent with the second legislative purpose underlying section 44466 because Peoples taught independently for one year as a (fully) credentialed teacher prior to earning tenure.

---

[4] Former section 44466 stated: "Interns shall not acquire tenure while serving on an internship credential, but each year of service as an intern shall count toward the achievement of tenure." (Stats. 1976, ch. 1010, § 2, p. 2384.)

■ The District concedes that Peoples held, and taught under, a university intern credential during the 2002–2003 school year. It nonetheless argues that the Legislature did not intend that a university intern would earn tenure during this year because the Legislature did not directly state in section 44466 that such employee is a "probationary employee" as it did in the statutes applicable to district interns (see § 44885.5). However, as noted above, the focus on whether Peoples was a probationary employee while teaching under a university internship credential is misplaced because the legal issue before us is whether the internship employment counted toward tenure status, and not Peoples's probationary status during her internship. Moreover, in support of its contention the District relies on the rule of statutory interpretation that where a statute contains words in one statute (that district interns be classified as probationary) and does not include the same language in another similar statute, the Legislature intended to omit the concept in the second statute. (See *In re Jennings* (2004) 34 Cal.4th 254, 273 [17 Cal.Rptr.3d 645, 95 P.3d 906]; *In re Young* (2004) 32 Cal.4th 900, 907 [12 Cal.Rptr.3d 48, 87 P.3d 797].) However, this statutory interpretation rule is merely an aid to inferring legislative intent from ambiguous language absent evidence of a contrary intent. Where, as here, the Legislature makes clear that the primary purpose of the amendment is to ensure that the statutes governing university and district interns are interpreted similarly for purposes of the attainment of permanent employment, the logic underlying the statutory construction rule is inapplicable. In light of the statutory language and the confirming legislative history, we additionally reject the District's argument that "[t]he 1997 amendments had absolutely no effect on the status of the interns while serving under an intern credential."

The District alternatively relies on *Summerfield v. Windsor Unified School Dist., supra,* 95 Cal.App.4th 1026. The *Summerfield* court held that time spent teaching under an "emergency teaching credential" may not be counted in computing an employee's progress toward permanent status unless the employee is credentialed in another state and demonstrates certain specified proficiency pending successful completion of the California educational competency test. (*Id.* at p. 1028.) This holding is inapplicable here because the code section governing an "emergency" credential expressly states that the employment "shall *not* be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district [with specified exceptions]." (§ 44911, italics added.) Unlike section 44911, the code section governing a university internship program (§ 44466) does permit employment under that credential to be counted in computing an employee's progress toward permanent status.

## DISPOSITION

Judgment affirmed. District to pay Peoples's costs on appeal.

Nares, Acting P. J., and O'Rourke, J., concurred.