Filed 2/24/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL MCGROARTY, | B306946 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCP02796) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary H. Strobel, Judge. Affirmed.

Bush Gottlieb, Ira L. Gottlieb and Lisa C. Demidovich for Plaintiff and Appellant.

Narmin A. Shahin and Marcos Hernandez for Defendants and Respondents.

_____

Michael McGroarty appeals from a judgment in favor of respondents Los Angeles Unified School District (LAUSD) and Principal Kate Sohn.  The dispute at issue is under what conditions someone who has served a school district as a university intern acquires permanent status, i.e., tenure.

McGroarty taught high school English for LAUSD as a university intern during the 2016–2017 school year, while simultaneously enrolled in coursework towards a teaching credential at the University of California Los Angeles Extension (UCLA).  In June 2017, LAUSD rehired him on an intern contract for the 2017–2018 school year.  In late July 2017, he completed his coursework at UCLA, and the next month, UCLA applied on his behalf for a regular teaching credential from the Commission on Teacher Credentialing (CTC).  The CTC had not issued McGroarty's credential by the start of the 2017–2018 school year, so he began the school year teaching under his intern credential and intern contract.

McGroarty received his regular credential from the CTC on October 12, 2017, and notified LAUSD he wished to enter into a new contract as a non-intern probationary employee.  LAUSD required certain paperwork from Sohn, McGroarty's principal, which she completed in late November 2017.  McGroarty and LAUSD executed his new contract on December 6, 2017.

McGroarty completed the 2017–2018 school year and LAUSD rehired him for the 2018–2019 school year.  In February 2019, LAUSD informed him he would not be reelected for the following school year and would be released from service.

McGroarty filed a petition for a writ of mandate as well as a complaint for due process violations against LAUSD and Sohn seeking reinstatement and damages.  He contended that under

2

Education Code[1] section 44466, which governs tenure for university interns, he had acquired permanent status at the commencement of the 2018–2019 school year. McGroarty argued he had satisfied the requirements of section 44466 by completing his university coursework in advance of the 2017–2018 school year, serving that school year in a credentialed teaching position (first under his intern credential, and then his regular credential), then beginning the 2018–2019 school year under his regular credential.

LAUSD and Sohn opposed the petition, arguing that section 44466 required McGroarty to serve the complete 2017–2018 school year under a regular credential. They contended McGroarty did not begin service under his regular credential until December 2017, when he registered his credential with LAUSD and entered into his new contract. The trial court agreed, denied McGroarty's petition, and dismissed his due process claims as moot.

On appeal, McGroarty argues that section 44466 did not require him to serve the 2017–2018 school year under a regular credential, but only required that he serve that school year under some credential, even an intern credential, after completing his internship coursework at UCLA. So long as he was serving under his regular credential by the outset of the 2018–2019 school year, McGroarty contends he acquired tenure.

We conclude, as did the trial court, that section 44466 contemplates that former university interns serve a complete year under a regular credential before acquiring tenure.

---

[1] Undesignated statutory citations are to the Education Code.

3

Accordingly, we affirm.

## FACTUAL BACKGROUND

Beginning in June 2011, McGroarty enrolled in coursework at UCLA to obtain a single subject teaching credential.

In August 2016, McGroarty entered into a contract with LAUSD to serve as a "University Intern teacher of English" for the 2016–2017 school year, with service from September 12, 2016 to June 30, 2017. The contract indicated he had a university intern credential in English.

On June 20, 2017, McGroarty signed another contract with LAUSD to serve as a "University Intern Certificated Employee of Secondary, English" (some capitalization omitted) for the 2017–2018 school year, with service from September 11, 2017 to June 30, 2018.[2] This contract also indicated he had an intern teaching credential.

McGroarty completed his coursework at UCLA on July 24, 2017. On August 21, 2017, he informed Sohn, his principal, by e-mail that he had completed his coursework and passed an examination, and was waiting for UCLA to recommend him formally to the CTC. Sohn congratulated him and thanked him for "keeping [her] posted."

The parties do not dispute that McGroarty began the 2017–2018 school year teaching under his intern credential. In early October 2017, McGroarty learned from the CTC that certain information was missing from the credential application submitted by UCLA on his behalf. He contacted UCLA, and

---

[2] Although McGroarty signed the contract on June 20, 2017, the contract specified its start date was July 1, 2017.

UCLA resolved the issue. The CTC then informed McGroarty in an e-mail dated October 12, 2017, that it had issued his preliminary single subject teaching credential, with an issuance date of August 10, 2017.[3]

That same day, October 12, 2017, McGroarty informed a LAUSD credentials and contracts specialist by e-mail that he now had his preliminary credential and wished to schedule an appointment to sign a new contract. A different credentials and contracts specialist replied the next day, October 13, and informed McGroarty that his principal would need to complete a form before he could enter into a new contract.

McGroarty contends he "immediately printed out the form provided by the District, and put it into Principal Sohn's box for signature." Sohn's declaration stated she "received" the form on November 26, 2017, completed it, and returned it to McGroarty on November 27, 2017. McGroarty returned the completed form to the credentials and contracts specialist that same day.[4]

On December 6, 2017, McGroarty executed a contract with LAUSD as a "Probationary Certificated Employee of Secondary,

---

[3] Preliminary credentials are a type of " 'regular' " credential, in contrast to "alternative forms of certification" such as emergency permits and university internship credentials. (See *Bakersfield Elementary Teachers Assn. v. Bakersfield City School Dist.* (2006) 145 Cal.App.4th 1260, 1287 (*Bakersfield*).)

[4] The form was titled "Conversion Non-Confidential Reference" and required Sohn to rate McGroarty's "professional competence" and "personal qualities." (Boldface, underscoring, and some capitalization omitted.) She rated him "outstanding" (capitalization omitted) in all areas, and wrote that he was a "genuine asset" to the school and was "[h]ighly recommended for the new contract."

English." (Some capitalization omitted.) The contract start date was December 6, 2017, with his service to commence on or before January 8, 2018. The contract indicated McGroarty had a preliminary single subject credential in English.

McGroarty completed the 2017–2018 school year, and LAUSD rehired him for the 2018–2019 school year.

On November 16, 2018, Sohn signed a form recommending that LAUSD "non-reelect" McGroarty and "release" him "from LAUSD employment." (Boldface and some capitalization omitted.) In a letter dated February 6, 2019, LAUSD informed McGroarty that he would not be reelected for the next school year.

## PROCEDURAL BACKGROUND

McGroarty challenged his release from employment by filing a verified petition for writ of mandate under Code of Civil Procedure section 1085 and a complaint for injunctive relief and damages for violation of civil rights under 42 U.S.C. § 1983 against LAUSD and Sohn. McGroarty alleged he had acquired tenure as of the first day of the 2018–2019 school year under section 44466, and therefore could be dismissed only for cause. McGroarty alleged he had satisfied the requirements of that statute by completing his university internship program at UCLA in July 2017, working the entire 2017–2018 school year, and being rehired for the 2018–2019 school year. McGroarty sought a writ of mandate and injunction ordering LAUSD and Sohn to reclassify him as a permanent employee and reinstate him, as well as damages for loss of pay and benefits, and attorney fees and costs.

Opposing the writ petition, LAUSD and Sohn disagreed with McGroarty's interpretation of section 44466. They

contended that to obtain tenure under that statute, an employee must complete a teaching internship program, then serve a complete school year registered under a regular credential. Because McGroarty did not register his regular credential until December 2017, LAUSD and Sohn argued he did not satisfy these requirements, and therefore did not have tenure at the start of the 2018–2019 school year.

Following a hearing on February 11, 2020, the trial court denied the petition for a writ of mandate. The court agreed with LAUSD and Sohn that section 44466 requires an employee who has completed an internship program to serve a complete year "in a non-intern capacity and with a non-intern credential" to qualify for tenure. The court found that McGroarty had not done so, and therefore LAUSD and Sohn had no duty to classify him as permanent for the 2018–2019 school year.

On July 6, 2020, the trial court entered judgment and dismissed the remaining claims as "derivative of the writ claim" and therefore moot. McGroarty timely appealed.

## STANDARD OF REVIEW

"A writ of mandate 'may be issued by any court . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . .' " (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916, quoting Code Civ. Proc., § 1085, subd. (a).) To prevail, McGroarty must show that LAUSD "has a clear, present and ministerial duty" to reinstate him and reclassify him as a permanent employee. (*Ibid.*) In reviewing the trial court's ruling on a petition for a writ of mandate, we "defer[ ] to a trial court's factual determinations if supported by

7

substantial evidence," whereas the trial court's interpretation of a statute "is subject to de novo review." (*Ibid.*)

In interpreting a statute, " '[w]e first examine the statutory language, giving it a plain and commonsense meaning.' [Citation.]  We do not consider statutory language in isolation; instead, we examine the entire statute to construe the words in context.  [Citation.]  If the language is unambiguous, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.'  [Citation.]  'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, 972.) "[W]e may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results [citation]."  (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 27 (*Simpson Strong-Tie, Co., Inc.*).)

## DISCUSSION

### A.    Relevant Law

Under the Teacher Education Internship Act (§ 44450 et seq.), "[a]ny school district may, with the approval of the CTC, establish an internship program in conjunction with a college or university."  (*Bakersfield*, *supra*, 145 Cal.App.4th at p. 1289; see § 44452.)  Courts commonly refer to interns in such programs as "university interns" (see, e.g., *Bakersfield*, at p. 1290), and distinguish them from interns in "a parallel statutory internship program known as the 'district' internship program."  (*Peoples v. San Diego Unified School Dist.* (2006) 138 Cal.App.4th 463, 470 (*Peoples*); see § 44830.3 [providing that school districts may

8

"employ persons authorized by the [CTC] to provide service as district interns"]).  A university internship credential "authorizes the same service at the same levels as the regular credential authorizes."  (§ 44454.)  It is undisputed that McGroarty worked for LAUSD as part of a university internship program.

The central issue in this appeal is under what circumstances an employee who has served as a university intern acquires tenure.  As a general matter, a certificated probationary employee of a school district "is classified as permanent, i.e., acquires tenure, if, after having been employed for two complete successive school years in a position requiring certification qualifications, he or she is reelected for the following year."  (*Bakersfield*, *supra*, 145 Cal.App.4th at pp. 1278–1279; § 44929.21, subd. (b).)[5]  Tenure is automatic unless the school district notifies the employee "on or before March 15" of the employee's second year that the district is not reelecting the employee for the next year.  (§ 44929.21, subd. (b).)  "In the event that the governing board [of the school district] does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year," and therefore will acquire tenure at the commencement of that year, i.e., the employee's third consecutive

---

[5]  Section 44929.21, subdivision (b) provides in relevant part:  "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

9

year.  (*Id.*)

Section 44466 governs "how (and whether)" time employed as a university intern "counts in reaching the consecutive two-year requirement [under section 44929.21] for purpose[s] of obtaining tenure and triggering the March 15 notice requirement."  (*Peoples*, *supra*, 138 Cal.App.4th at p. 469.)  It provides, in full:  "An intern shall not acquire tenure while serving on an internship credential.  A person who, after completing a teaching internship program authorized pursuant to this article, is employed for at least one complete school year in a position requiring certification qualifications by the school district that employed the person as an intern during the immediately preceding school year and is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year, acquire tenure."  (§ 44466.)

In short, university interns may count the last year of their internship towards the two-year tenure requirement under section 44929.21.  (See *Peoples*, *supra*, 138 Cal.App.4th at p. 469.)

The Legislature enacted the current version of section 44466 in 1997.  (Stats. 1997, ch. 138, § 2.)  The previous version of the statute provided, "Interns shall not acquire tenure while serving on an internship credential, but each year of service as an intern shall count toward the achievement of tenure."  (Former § 44466 (Stats. 1976, ch. 1010, § 2).)  As recognized by an Assembly committee analyzing the proposed 1997 amendments, the pre-1997 version of the statute would seem to permit an employee to serve the two years required under section 44929.21 as an intern, then, at the commencement of the next school year, "obtain tenure without ever having

10

taught as a fully credentialed teacher." (Assem. Com. on Education, Analysis of Assem. Bill No. 552 (1997–1998 Reg. Sess.) May 7, 1997.)

By permitting a *university* intern to acquire tenure without first teaching as a fully credentialed teacher, the prior version of section 44466 differed significantly from the statute governing tenure for *district* interns. To acquire tenure, district interns must "complete[ ] service in the district as a district intern," then be "reelected and employed during the succeeding school year" in a "position requiring certification qualifications." (§ 44885.5, subds. (a)–(b).)[6] The express intent of the 1997 amendments to section 44466 was "to achieve consistency between the requirements for the attainment of permanent status" by university and district interns. (Stats. 1997, ch. 138, § 1.) As stated in an analysis of the enacting legislation, this would "ensure that individuals have taught independently as a

_____

[6] Section 44885.5, subdivision (a) reads, in relevant part: "Any school district shall classify as a probationary employee of the district any person who is employed as a district intern pursuant to Section 44830.3 and any person who has completed service in the district as a district intern pursuant to subdivision (b) of Section 44325 and Section 44830.3 and is reelected for the next succeeding school year to a position requiring certification qualifications." Subdivision (b) provides, in relevant part, "Every certificated employee, who has completed service as a district intern pursuant to subdivision (b) of Section 44325 and pursuant to Section 44830.3 and who is further reelected and employed during the succeeding school year as described in subdivision (a) shall, upon reelection for the next succeeding school year, to a position requiring certification qualifications, be classified as and become a permanent employee of the district."

11

credentialed teacher prior to earning tenure." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 552 (1997–1998 Reg. Sess.) as amended June 25, 1997.)

## B. McGroarty's Arguments

As set forth above, university interns acquire tenure by completing their internship program and then working for the same school district for the next "complete school year in a position requiring certification qualifications." (See § 44466.) In other words, an employee meets the two-year tenure requirement by working the last year of the internship followed by one complete post-internship year. The central dispute of this appeal is whether the 2017–2018 school year constituted McGroarty's post-internship year under section 44466. Resolving that dispute requires determining what circumstances delineate the end of the internship and the beginning of the post-internship year for purposes of section 44466.

The trial court interpreted section 44466 to require the employee to serve a complete school year under a regular, non-intern credential. Under this interpretation, the post-internship year under section 44466 does not begin until the employee ceases to serve under an intern credential and begins service under a regular credential. In the trial court's view, this required McGroarty to register his new credential with LAUSD and enter into a new contract under that credential, which the trial court found he did not do until December 6, 2017, halfway through the 2017–2018 school year.

McGroarty argues that reading section 44466 to require registration of, or recontracting under a regular credential to trigger the start of the post-internship year imposes an additional condition outside the plain language of the statute. McGroarty

12

contends "it does not matter what type of credential [he] was serving under during the 2017–2018 school year." Rather, McGroarty interprets section 44466 to set forth a three-step process, only the last of which contains a specific credentialing requirement. First, the employee must "complet[e] a teaching internship program." (§ 44466). Second, the employee must work the next school year in a "position requiring certification qualifications" for the same school district for which the employee interned. (*Ibid.*) Finally, the employee must be reelected to serve the next succeeding school year, and be serving under a regular credential as of the commencement of that year. McGroarty argues he satisfied the three steps by the start of the 2018–2019 school year.

As to the first step, McGroarty contends he completed his teaching internship program when he finished his coursework at UCLA in July 2017. McGroarty argues this step does not require him actually to obtain his regular credential, because other provisions of the Education Code indicate completion of an internship is a *prerequisite* to obtaining that credential. Section 44259, subdivision (b), for example, lists among the requirements for a preliminary teaching credential the "[s]atisfactory completion of a program of professional preparation," which includes "[i]nternship programs . . . pursuant to" section 44450 et seq., the statutes governing McGroarty's university internship. (§ 44259, subd. (b)(3)(A)(iii).) Section 44321 provides, "Upon completion of an approved internship program, with district and teacher preparation institution certification, the commission shall approve the teacher intern." California Code of Regulations title 5, section 80472, subdivision (a), lists as a credential requirement that "[a]

13

California college or university offering a [CTC]-approved program of professional preparation as a requirement for the credential shall certify that the applicant has completed its approved program and shall recommend the applicant for the appropriate credential . . . ."

As to the second step, McGroarty contends that his position as a high school English teacher was a "position requiring certification qualifications" regardless of the certification under which he was teaching. He notes that "[a]n internship credential authorizes the same service at the same levels as the regular credential authorizes." (§ 44454.) Further, in the answer to McGroarty's petition, LAUSD and Sohn admitted the allegation that McGroarty "has been employed in a position requiring certification qualifications in the District for every school year since the 2016–2017 school year."[7]

McGroarty derives the final step from the first sentence of section 44466, which states that "[a]n intern shall not acquire tenure while serving on an internship credential." McGroarty interprets this to mean only that he had to be serving under a regular credential at the moment he became eligible for tenure,

_____

[7] Under the Education Code, a " 'position requiring certification qualifications' includes every type of service for which certification qualifications are established by or pursuant to Sections 44000 to 44012, inclusive, Section 44065, and Chapter 2 (commencing with Section 44200) of this part." (§ 44001.) The parties do not analyze any of the cross-referenced statutes. We assume arguendo those statutes do not undercut McGroarty's contention, or LAUSD's and Sohn's admission, that his teaching position was "a position requiring certification qualifications" regardless of whether he was teaching under his internship credential or his regular credential.

14

that is, "at the commencement of the succeeding school year" following completion of both his internship program and his first post-internship year. (§ 44466.) Put another way, McGroarty contends that an employee may *accrue* time towards tenure while serving under an internship credential, including in the post-internship year after "completing a teaching internship program," then *acquire* permanent status by registering a regular credential sometime in advance of the school year following the post-internship year. McGroarty finds support for this contention in the second sentence of section 44466, which states that after satisfying the requirements of the statute, the employee "shall, at the commencement of the succeeding school year, acquire tenure." McGroarty argues that the usage of "acquire tenure" in the second sentence indicates acquisition happens at the moment the year commences. Because McGroarty was serving under his regular credential as of December 2017, he was no longer serving under his internship credential as of commencement of the 2018–2019 school year, at which point he contends he "acquire[d] tenure" under section 44466.

## C. McGroarty Did Not Acquire Tenure Under Section 44466

Although McGroarty's interpretation of section 44466 is, grammatically speaking, a plausible construction of the language, we reject it because it would lead to unreasonable and unfair consequences the Legislature could not have intended. Specifically, it creates the possibility that an employee could transition from internship to tenure-track status without the school district realizing it.

As discussed, section 44466 requires that, "after completing a teaching internship program," the employee "is employed for at

15

least one complete school year in a position requiring certification qualifications by the school district that employed the person as an intern during the immediately preceding school year . . . ." McGroarty contends he satisfied this requirement because he worked in a certificated teaching position for the entire 2017–2018 school year after completing his university coursework in July 2017.

Recall, however, that LAUSD hired McGroarty for the 2017–2018 year in June 2017, that is, at the end of the 2016–2017 school year. At that time McGroarty was an intern in every sense of the word, not having yet completed his internship coursework, and still operating on an internship credential. Accordingly, McGroarty's contract for the 2017–2018 school year specified he was hired as a university intern.

In McGroarty's view, although LAUSD hired him for the 2017–2018 school year as an intern, and indeed at that time there was no basis to hire him in any other capacity, completion of his university coursework a month later effectively converted his status from intern to non-intern for purposes of section 44466. This despite the fact that at the start of the 2017–2018 school year, he was still teaching under an internship contract and an internship credential.

This is not a reasonable interpretation of section 44466. Completion of coursework is determined by the university providing the teaching internship program, not the school district. McGroarty's proposed regime deprives the school district of control over when and whether an employee with whom the district has contracted as an intern transitions into non-intern status for purposes of accruing time towards tenure.

Perhaps more importantly, McGroarty's regime deprives

16

the school district of *notice* that the intern is no longer an intern. We are unaware of any mechanism in the Education Code to ensure the school district is informed that an intern has completed university coursework. In McGroarty's case, the only notice LAUSD received was McGroarty's informal, and presumably voluntary, e-mail to Sohn in August 2017, unsupported by any documentation. Thus, under McGroarty's reading, the school district may not even be aware that the person the district hired as an intern had transitioned to tenure-track status.

At oral argument, McGroarty's counsel contended that, because an internship program is a partnership between a school district and a university or other entity providing a teacher preparation program, the school district necessarily would be aware when the intern had completed all requirements and was simply awaiting issuance of a regular credential.[8] We are not persuaded. McGroarty's counsel identified section 44321, which states that "internship programs shall be joint projects of school districts and teacher preparation institutions," and that "completion of an approved internship program" requires "district and teacher preparation institution certification" before the CTC "shall approve the teacher intern." To the extent "district . . . certification" means the district must confirm that the intern has completed the district's requirements, this does not mean the

---

[8] McGroarty's counsel's arguments were in response to a letter we sent to the parties in advance of oral argument, in which we asked them to be prepared to discuss under what provisions of the Education Code, if any, would school districts receive notice that university interns had completed their teaching internship program coursework.

17

district would know that the intern has also completed the "teacher preparation institution['s]" requirements, such as completion of required coursework.

McGroarty's counsel also cited California Code of Regulations, title 5, section 80033, which states that intern programs are "a partnership" between the university and school district, and that those entities must enter into a Memorandum of Understanding "detailing the support and supervision that will be provided." (*Id.*, subd. (b)(1).) Among other things, the university, district, and intern must agree on a "plan to complete the requirements." (*Id.*, subd. (b)(2).) The fact that the district has certain obligations in regard to the intern, and has agreed with the university as to the program requirements, does not mean the district will know when the requirements overseen by the university are complete.[9]

McGroarty's counsel argued that LAUSD knew McGroarty had completed his internship program by the start of the 2017–2018 school year because the district did not provide him with a mentor for that year as required for interns under California Code of Regulations, title 5, section 80033, subdivision (b)(3). Counsel conceded there was no evidence of

---

[9] McGroarty's counsel argued that a school district could require in the Memorandum of Understanding that the university or intern inform the district upon the intern's completion of the university requirements. There is no Memorandum of Understanding in the record or any evidence such a provision exists in the instant case. We therefore need not address what impact such a provision would have, if any, on our analysis. We are dubious, however, that the Legislature would design a scheme that depended on contracts to remedy a lack of statutory notice.

18

this in the record.  We thus express no opinion whether such evidence would impact our analysis.

It is true that under McGroarty's interpretation the school district eventually would learn the intern is no longer an intern, because interns must be serving under a regular credential before they can acquire tenure.  (See § 44466 ["An intern shall not acquire tenure while serving on an internship credential."].) This requires, at minimum, former interns to register their regular credentials with the district in order to authorize service under those credentials.[10]  (See §§ 44330, 44332.5, subd. (a); *Fine v. Los Angeles Unified School Dist.* (2004) 116 Cal.App.4th 1070, 1079 ["[R]egistration is, by statute, the sine qua non for a teacher's service under a credential."].)

In McGroarty's view, however, this requirement need not be satisfied at any particular time, so long as it is satisfied before the first day of the school year following the post-internship year. An intern like McGroarty could complete a university program, serve most or even the entire next school year on his old internship credential, then acquire tenure at the start of the following year if the district registered his regular credential and signed him to a new contract sometime over the summer.

The Legislature cannot have intended this result.  A central purpose of the post-internship year under section 44466 is to allow the school district sufficient time to evaluate whether to

---

**10** We need not and do not decide that registration of a regular credential alone is sufficient to deem an employee as "serving" under that credential for purposes of section 44466.  It is sufficient for purposes of this appeal that registration of the credential would put the district on notice that the employee had completed the internship program.

19

grant tenure to the former intern.  (Cf. *Bakersfield*, *supra*, 145 Cal.App.4th at p. 1279 [one purpose of probationary scheme, in that case under section 44929.21, is to " 'provide[ ] the district with ample opportunity to evaluate the instructor's ability before recommending a tenured position' "].)  Under McGroarty's interpretation, the school district might not know an intern has completed the university program until late into the post-internship school year, thus depriving the district of a full opportunity to evaluate the intern for tenure.  Indeed, if the intern did not present a regular credential until after March 15, the normal deadline for tenure decisions (see § 44929.21, subd. (b)), the district would have no such opportunity at all.

McGroarty contends former interns have no reason to delay registration of their credentials, and school districts could further incentivize prompt registration, for example by offering better pay or benefits to those serving under regular credentials.  Indeed, McGroarty's counsel noted at oral argument that McGroarty's internship contract with LAUSD required him to "immediately notify" LAUSD's human resources division when he "earn[ed]" his regular credential.  As McGroarty's own circumstances illustrate, however, there can be a significant period of time between completion of university coursework and issuance of a credential, despite the best intentions of all involved.  A school district should not be deprived of a fair opportunity to evaluate a former intern for tenure because of delays over which the school district had no control.

McGroarty argues that regardless of his credential status, the district was able to evaluate him as a teacher for the entirety of the 2017–2018 school year, in which his teaching duties were identical both before and after the CTC issued his regular

20

credential and he presented it to the school district. In other words, McGroarty contends the timing of the issuance of his regular credential had no impact on the district's ability to assess him for tenure by March 15 of 2018.

In rejecting this argument, the trial court concluded that there is "a meaningful difference in a district's assessment of" employees serving under internship credentials and those serving under regular credentials. We agree. Under section 44465, "[a] school district shall give special supervision and assistance to each intern above and beyond that given to other newly certificated and newly employed school personnel." The purpose of the required post-internship year under section 44466 is to "ensure that individuals have taught independently as a credentialed teacher prior to earning tenure." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 552 (1997–1998 Reg. Sess.) as amended June 25, 1997.) We may reasonably presume that to teach "independently" means to teach without the "special supervision and assistance" provided to interns under section 44465. As discussed, McGroarty's interpretation of section 44466 fails to ensure school districts know when to cease providing that special supervision and assistance, and to begin evaluating employees as independent teachers on their way to possible tenure.

In short, McGroarty's interpretation of section 44466 creates a regime in which his proposed line between intern and non-intern—i.e., the completion of university coursework—is potentially invisible to the school district until sometime during or after the school year, thus depriving the district of adequate opportunity to evaluate the employee for tenure. Again, this cannot have been the intent of the Legislature, and we reject this

21

interpretation. (See *Simpson Strong-Tie Co., Inc., supra*, 49 Cal.4th at p. 27 ["[W]e may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results [citation]."].)

The more reasonable interpretation of section 44466 is that a former intern "is employed . . . in a position requiring certification qualifications" following completion of an internship program only when "the school district that employed the person as an intern during the immediately preceding school year" *reemploys* the former intern under a regular credential. Under this reading, the phrase "is employed" includes the school district's affirmative act of hiring the former intern into a post-internship position, as opposed to McGroarty's reading in which the intern simply continues employment under the existing internship contract. This interpretation sets a bright line between intern and non-intern status, a line of which both the employee and the school district are aware. It also gives the school district control over whether to continue the intern's employment following completion of the internship.

We find support for our interpretation in the parallel statute governing tenure for district interns, section 44885.5. As discussed, to acquire tenure, district interns must first "complete[ ] service as a district intern," then be "reelected and employed during the succeeding school year" in a "position requiring certification qualifications." (§ 44885.5, subds. (a)–(b).) The requirement that former district interns be "reelected" makes clear that they cannot simply continue to work under their existing internship contract following completion of their internship and accrue time towards tenure.

22

Although section 44466 does not state that a former intern must be "reelected" following completion of the internship, the express legislative intent of the 1997 amendments to section 44466 was "to achieve consistency" with the tenure requirements of the district intern program. (Stats. 1997, ch. 138, § 1). Accordingly, courts have looked to section 44885.5 for guidance on the interpretation of section 44466. (See *Peoples*, *supra*, 138 Cal.App.4th at pp. 470–471.) Requiring district interns to be reelected before accruing time towards tenure, while allowing university interns to accrue time towards tenure simply by continuing on their existing intern contract, would not "achieve consistency" between the two regimes.

Our interpretation is further supported by *Peoples*, another case concerning the tenure requirements for university interns. The school district in that case argued that "employment under a university internship credential cannot count toward the two-year requirement for obtaining permanent employment set forth in section 44929.21, subdivision (b)." (*Peoples*, *supra*, 138 Cal.App.4th at p. 469.) The Court of Appeal disagreed, reading section 44466 to provide that "the final year of employment under a university internship credential counts for one year towards tenure for purposes of applying section 44929.21, subdivision (b) *if the teacher is employed during the next consecutive year under a [regular] credential*." (See *Peoples*, at p. 469, italics added.)

As McGroarty correctly notes, *Peoples* did not confront the issue presented in this case; the former university intern in *Peoples* had served a full year under a regular credential, and the court did not consider whether some earlier event, such as completion of her internship program coursework, triggered the

23

start of her post-internship year under section 44466. (See *Peoples, supra,* 138 Cal.App.4th at p. 466.) *Peoples* nonetheless supports our conclusion that our interpretation is consistent with the language of the statute.

McGroarty argues that if the post-internship year cannot begin until the intern has registered a regular credential and entered into a new contract, "tenure rights would vary between similarly situated teachers based on bureaucratic processing delays and on the promptness of individual principals completing paperwork. The Education Code is not designed to base tenure rights on arbitrary or incompetent behavior of others, or to punish educators like McGroarty who comply with all requirements the statute demands of them."

None of these concerns outweighs the fact that under McGroarty's interpretation, there would be no assurance that a school district would have proper notice that one of its interns had transitioned to tenure track. This in turn thwarts the purpose of allowing districts, once so notified, a complete year to evaluate former interns as independent teachers before granting tenure.

Also, to the extent there are "bureaucratic processing delays" by the university providing the internship program or the CTC, it is rightly the intern's burden to address them, rather than the school district, which is uninvolved in those processes and does not know what is transpiring. Delays by the school district itself might be more troubling, but the solution cannot be to strip the district of the mechanism by which it can determine who is an intern and who is not.

McGroarty also suggests our interpretation would permit gamesmanship on the part of school districts, who might refuse to

24

register credentials or execute new contracts in order to compel employees to continue working on unexpired internship credentials and not acquire tenure. Again, to the extent this is a concern, we decline to address it by depriving districts of notice when their interns move onto the tenure track. McGroarty's proposed interpretation, moreover, would be no better than ours at preventing the gamesmanship he envisions. Even in his regime, an intern's path to tenure requires the district eventually to register the intern's regular credential, and McGroarty does not explain why his interpretation would prevent a school district from refusing to do so whereas our interpretation would not.

Because we conclude the post-internship year under section 44466 does not begin until the former intern is reemployed under a regular credential by the school district that employed him as an intern, the trial court correctly ruled that McGroarty did not acquire tenure at the commencement of the 2018–2019 school year. McGroarty did not enter into a contract under his regular credential until December 2017, and thus did not serve a complete post-internship school year under that credential.

McGroarty argues reversal of the denial of his writ petition similarly requires reversal of the dismissal of his due process claims for damages and injunctive relief. Our conclusion that the trial court correctly denied the writ petition disposes of this argument.

25

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

CERTIFIED FOR PUBLICATION.


BENDIX, J.

We concur:



ROTHSCHILD, P. J.



CHANEY, J.